## 62198. DeKALB COUNTY v. COMMERCIAL UNION INSURANCE COMPANY.

SHULMAN, Presiding Judge.

In February 1978, a recreational facility owned and operated by DeKalb County burned. The county gave appropriate notice to appellee, the insurer of the facility, and the parties entered into negotiations for settlement of the county's claim under the policy covering the facility. That policy provided two alternative methods for determining the amount of the loss: an appraisal process and a cost of rebuilding method. The parties agreed upon the latter and negotiations continued through 1978, with the county requesting and the insurer granting several extensions of the period provided in the policy for filing a proof of loss. During that time, the county solicited bids for the reconstruction of the facility and awarded the job to the lowest bidder. Based on that bid, the DeKalb County Board of Commissioners, on January 9, 1979, gave its approval to a settlement of the claim on the policy. On the next day, the clerk of the Board of Commissioners submitted a proof of loss to appellee, claiming the amount approved by the Board of Commissioners. Within a very few days, appellee tendered a check in the amount of the claim minus an amount advanced for preliminary work. The check was deposited in the county's account. The problem in this case arose when the contractor whose bid had been accepted by the Board of Commissioners refused to enter into a contract with the county. The

county was then obliged to reopen the bid process and to accept a higher bid. When appellee refused pay the difference between the amount it had paid and the increased cost of replacing the recreational facility, the county filed this suit. Appellee raised the defense of accord and satisfaction and was awarded a directed verdict at trial on that basis. This appeal is from the judgment entered on that directed verdict.

Appellant's argument is that an accord and satisfaction is a contract, that all contracts with the county must be approved by the Board of Commissioners, and that there was no action by the board to approve, as an accord and satisfaction, the acceptance of the check by which appellee paid the insurance claim. The fallacy in that argument is that the board *did* approve the acceptance of the check. The record contains a copy of the minutes of the meeting at which the Board of Commissioners voted to "[a]pprove acceptance of [the amount claimed on the proof of loss] as remainder of insurance settlement of fire loss. . ." The record also contains evidence which demands a finding that the amount claimed by appellant on the proof of loss was arrived at through negotiation, appellant having originally claimed a greater amount than that on which the parties agreed. Finally, the record shows that appellee issued a check in the amount on which the parties had agreed, and appellant accepted the check.

"Where there is a bona fide dispute between parties either as to the amount of a claim or as to ultimate liability thereon, and this dispute is settled by an agreement which has been executed, the matter is and should be at an end." *Interstate Life &c. Co. v. Wilson,* 52 Ga. App. 171, 180 (183 SE 672). In this case there was a dispute, an agreement settling the dispute, and a payment executing the settlement. The evidence demands a finding of accord and satisfaction.

Appellant has enumerated many other rulings of the trial court as error, but none of those alleged errors would affect appellee's entitlement to a directed verdict. It is, therefore, not necessary that those enumerations of error be addressed.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 2, 1981 —

*George P. Dillard,* for appellant.
*Sam F. Lowe, Jr.,* for appellee.